```
LAWRENCE G. BROWN
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2723

Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REAL PROPERTY LOCATED AT 12001 VICTORY BOULEVARD, NORTH HOLLYWOOD, CALIFORNIA, LOS ANGELES COUNTY, APN: 2322-007-056, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>　　　　Defendant. | 2:08-cv-2074 JAM-GGH<br><br>**STIPULATION FOR STAY OF FURTHER PROCEEDINGS AND ORDER**<br><br><br>DATE:　　N/A<br>TIME:　　N/A<br>COURTROOM: N/A |

　　　Plaintiff United States of America, and Claimants Adib Sirope, Rimoun Mansour, and Universal Bank, by and through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings for an additional six months pending the outcome of a related criminal investigation against claimants Sirope and Mansour.  The stay currently in effect expires August 1, 2009.

　　　1.　Claimant Sirope and Mansour filed a claim to the defendant

1

1 property on October 20, 2008, and filed an Answer to the complaint
2 on November 6, 2008.  Claimant Universal Bank filed its claim and
3 answer on September 24, 2008.
4     2.   The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1)
5 and 981(g)(2).  The plaintiff contends that Sirope and Mansour and
6 other conspired to defraud the California Board of Equalization out
7 of excise taxes due on the sale of tobacco products in California.
8 The plaintiff alleges that the U.S. mail and interstate
9 communications systems were used to perpetrate the fraud.  Claimants
10 Sirope and Mansour deny these allegations, and claimant Universal
11 Bank contends it is an innocent owner within the meaning of the
12 federal forfeiture statutes.
13     3.   To date claimants Sirope and Mansour, the owners of the
14 property, have not been charged with any criminal offense by state,
15 local, or federal authorities, and the statute of limitations has
16 not expired on potential criminal charges relating to the fraud
17 scheme.  Nevertheless, the plaintiff intends to depose Sirope and
18 Mansour regarding their claim to the defendant property, their
19 operation of Pay-Less Wholesale Tobacco, and their business dealings
20 with others in the tobacco industry.  If discovery proceeds at this
21 time, Sirope and Mansour will be placed in the difficult position of
22 either invoking their Fifth Amendment rights against self-
23 incrimination and losing the ability to pursue their claim to the
24 defendant real property, or waiving their Fifth Amendment right and
25 submitting to a deposition and potentially incriminating themselves.
26 If either person invokes his Fifth Amendment right, the plaintiff
27 will be deprived of the ability to explore the factual basis for the
28

1 claims they filed with this court.

2     4.   In addition, claimants intend to depose the law enforcement agents involved in this investigation.  Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate the underlying criminal conduct.

    5.   The parties recognize that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon claimant's ability to prove his claim to the property and assert any defenses to forfeiture. For these reasons, the parties jointly request that this matter be stayed for six months.  At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

Dated: July 31, 2009        LAWRENCE G. BROWN
                                    United States Attorney

                              By   /s/ Kristin S. Door
                                      KRISTIN S. DOOR
                                      Assistant U.S. Attorney
                                      Attorneys for Plaintiff
                                      United States of America

Dated: August 1, 2009       GERAGOS & GERAGOS

                              By   /s/ Shepard S. Kopp
                                      SHEPARD S. KOPP
                                      Attorneys for claimants
                                      Adib Sirope and Rimoun Mansour

//
//

Dated: August 4, 2009           HURON LAW GROUP

                         By   /s/ Jeffrey Huron
                              JEFFREY HURON
                              Attorneys for claimant
                              Universal Bank

                              (Original signatures retained by
                              Plaintiff's counsel)

### ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for an additional six months. On or before February 1, 2010, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: 8/5/2009

_____       /s/ John A. Mendez

                                   JOHN A. MENDEZ
                                   UNITED STATES DISTRICT JUDGE

4