```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916) 554-2723

 5  Attorney for Plaintiff

 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,    )   2:08-cv-2074 JAM-GGH
                                 )
12         Plaintiff,            )   **STIPULATION FOR STAY OF**
                                 )   **FURTHER PROCEEDINGS AND**
13      v.                       )   **ORDER**
                                 )
14  REAL PROPERTY LOCATED AT 12001 )
    VICTORY BOULEVARD, NORTH HOLLYWOOD,)
15  CALIFORNIA, LOS ANGELES COUNTY, )  DATE:    N/A
    APN: 2322-007-056, INCLUDING ALL )  TIME:    N/A
16  APPURTENANCES AND IMPROVEMENTS )   COURTROOM:N/A
    THERETO,                     )
17                               )
           Defendant.            )
18  _____)

19

20      Plaintiff United States of America, and Claimants Adib Sirope,

21  Rimoun Mansour, and Universal Bank, by and through their respective

22  counsel, hereby stipulate that a stay is necessary in the above-

23  entitled action, and request that the Court enter an order staying

24  all further proceedings for an additional six months pending the

25  outcome of a related criminal investigation against claimants Sirope

26  and Mansour.  The stay currently in effect expires February 1,

27  2010.

28                                1
```

1. Claimant Sirope and Mansour filed a claim to the defendant property on October 20, 2008, and filed an Answer to the complaint on November 6, 2008. Claimant Universal Bank filed its claim and answer on September 24, 2008.

2. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2). The plaintiff contends that Sirope and Mansour and other conspired to defraud the California Board of Equalization out of excise taxes due on the sale of tobacco products in California. The plaintiff alleges that the U.S. mail and interstate communications systems were used to perpetrate the fraud. Claimants Sirope and Mansour deny these allegations, and claimant Universal Bank contends it is an innocent owner within the meaning of the federal forfeiture statutes.

3. To date claimants Sirope and Mansour, the owners of the property, have not been charged with any criminal offense by state, local, or federal authorities, and the statute of limitations has not expired on potential criminal charges relating to the fraud scheme. Nevertheless, the plaintiff intends to depose Sirope and Mansour regarding their claim to the defendant property, their operation of Pay-Less Wholesale Tobacco, and their business dealings with others in the tobacco industry. If discovery proceeds at this time, Sirope and Mansour will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claim to the defendant real property, or waiving their Fifth Amendment right and submitting to a deposition and potentially incriminating themselves. If either person invokes his Fifth Amendment right, the plaintiff

1  will be deprived of the ability to explore the factual basis for the
2  claims they filed with this court.
3       4.   In addition, claimants intend to depose the law
4  enforcement agents involved in this investigation.  Allowing
5  depositions of the law enforcement officers at this time would
6  adversely affect the ability of federal authorities to investigate
7  the underlying criminal conduct.
8       5.   The parties recognize that proceeding with this action at
9  this time has potential adverse affects on the investigation of the
10 underlying criminal conduct and/or upon claimant's ability to prove
11 his claim to the property and assert any defenses to forfeiture.
12 For these reasons, the parties jointly request that this matter be
13 stayed for six months.  At that time the parties will advise the
14 court of the status of the criminal investigation, if any, and will
15 advise the court whether a further stay is necessary.

Dated: January 29, 2010          BENJAMIN B. WAGNER
                                 United States Attorney


                            By   /s/ Kristin S. Door
                                 KRISTIN S. DOOR
                                 Assistant U.S. Attorney
                                 Attorneys for Plaintiff
                                 United States of America


Dated: January 26, 2010          GERAGOS & GERAGOS

                            By   /s/ Mark J. Geragos
                                 MARK J. GERAGOS
                                 Attorneys for claimants
                                 Adib Sirope and Rimoun Mansour

//
//

3

Dated: January 29, 2010          HURON LAW GROUP

                         By    /s/ Jeffrey Huron
                               JEFFREY HURON
                               Attorneys for claimant
                               Universal Bank

                               (Original signatures retained by
                               Plaintiff's counsel)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for an additional six months. On or before August 1, 2010, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: January 29, 2010

                                      _____
                                      /s/ John A. Mendez
                                      U. S. District Court Judge

4