```
BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2723

Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:08-cv-2074 JAM-GGH |
| Plaintiff, | **STIPULATION FOR STAY OF FURTHER PROCEEDINGS AND ORDER** |
| v. | |
| REAL PROPERTY LOCATED AT 12001 VICTORY BOULEVARD, NORTH HOLLYWOOD, CALIFORNIA, LOS ANGELES COUNTY, APN: 2322-007-056, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |
| Defendant. | |

Plaintiff United States of America, and Claimants Adib Sirope, Rimoun Mansour, and Universal Bank, by and through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings for an additional six months pending the outcome of a related criminal investigation against claimants Sirope and Mansour. The stay currently in effect expires February 1, 2010.

1

1      1.   Claimant Sirope and Mansour filed a claim to the defendant property on October 20, 2008, and filed an Answer to the complaint on November 6, 2008.  Claimant Universal Bank filed its claim and answer on September 24, 2008.

2.   The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2).  The plaintiff contends that Sirope and Mansour and other conspired to defraud the California Board of Equalization out of excise taxes due on the sale of tobacco products in California.  The plaintiff alleges that the U.S. mail and interstate communications systems were used to perpetrate the fraud.  Claimants Sirope and Mansour deny these allegations, and claimant Universal Bank contends it is an innocent owner within the meaning of the federal forfeiture statutes.

3.   To date claimants Sirope and Mansour, the owners of the property, have not been charged with any criminal offense by state, local, or federal authorities, and the statute of limitations has not expired on potential criminal charges relating to the fraud scheme.  Nevertheless, the plaintiff intends to depose Sirope and Mansour regarding their claim to the defendant property, their operation of Pay-Less Wholesale Tobacco, and their business dealings with others in the tobacco industry.  If discovery proceeds at this time, Sirope and Mansour will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claim to the defendant real property, or waiving their Fifth Amendment right and submitting to a deposition and potentially incriminating themselves.  If either person invokes his Fifth Amendment right, the plaintiff

2

1  will be deprived of the ability to explore the factual basis for the
2  claims they filed with this court.
3       4.   In addition, claimants intend to depose the law
4  enforcement agents involved in this investigation.  Allowing
5  depositions of the law enforcement officers at this time would
6  adversely affect the ability of federal authorities to investigate
7  the underlying criminal conduct.
8       5.   The parties recognize that proceeding with this action at
9  this time has potential adverse affects on the investigation of the
10 underlying criminal conduct and/or upon claimant's ability to prove
11 his claim to the property and assert any defenses to forfeiture.
12 For these reasons, the parties jointly request that this matter be
13 stayed for six months.  At that time the parties will advise the
14 court of the status of the criminal investigation, if any, and will
15 advise the court whether a further stay is necessary.

```
Dated: January 29, 2010        BENJAMIN B. WAGNER
                               United States Attorney


                          By   /s/ Kristin S. Door
                               KRISTIN S. DOOR
                               Assistant U.S. Attorney
                               Attorneys for Plaintiff
                               United States of America


Dated: January 26, 2010        GERAGOS & GERAGOS

                          By   /s/ Mark J. Geragos
                               MARK J. GERAGOS
                               Attorneys for claimants
                               Adib Sirope and Rimoun Mansour
```

//
//

3

Dated: January 29, 2010        HURON LAW GROUP

                                      By   /s/ Jeffrey Huron
                                          JEFFREY HURON
                                          Attorneys for claimant
                                          Universal Bank

                                          (Original signatures retained by
                                          Plaintiff's counsel)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for an additional six months. On or before August 1, 2010, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: January 29, 2010

                                          _____
                                          /s/ John A. Mendez
                                          U. S. District Court Judge

4