1  BENJAMIN B. WAGNER
   United States Attorney
2  KRISTIN S. DOOR, SBN 84307
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2723

5  Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:08-cv-2074 JAM-GGH |
|---|---|---|
| Plaintiff, | ) | **STIPULATION FOR STAY OF FURTHER PROCEEDINGS AND ORDER** |
| v. | ) | |
| REAL PROPERTY LOCATED AT 12001 VICTORY BOULEVARD, NORTH HOLLYWOOD, CALIFORNIA, LOS ANGELES COUNTY, APN: 2322-007-056, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | ) | DATE: N/A  TIME: N/A  COURTROOM: N/A |
| Defendant. | ) | |

   Plaintiff United States of America, and Claimants Adib Sirope, Rimoun Mansour, and Universal Bank, by and through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings for an additional six months pending the outcome of a related criminal investigation against claimants Sirope and Mansour.  The stay currently in effect expires August 1, 2010.

   1.  Claimant Sirope and Mansour filed a claim to the defendant property on October 20, 2008, and filed an Answer to the complaint

1 on November 6, 2008.  Claimant Universal Bank filed its claim and
2 answer on September 24, 2008.
3     2.   The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1)
4 and 981(g)(2).  The plaintiff contends that Sirope and Mansour and
5 other conspired to defraud the California Board of Equalization out
6 of excise taxes due on the sale of tobacco products in California.
7 The plaintiff alleges that the U.S. mail and interstate
8 communications systems were used to perpetrate the fraud.  Claimants
9 Sirope and Mansour deny these allegations, and claimant Universal
10 Bank contends it is an innocent owner within the meaning of the
11 federal forfeiture statutes.
12     3.   To date claimants Sirope and Mansour, the owners of the
13 property, have not been charged with any criminal offense by state,
14 local, or federal authorities, and the statute of limitations has
15 not expired on potential criminal charges relating to the fraud
16 scheme.  Nevertheless, the plaintiff intends to depose Sirope and
17 Mansour regarding their claim to the defendant property, their
18 operation of Pay-Less Wholesale Tobacco, and their business dealings
19 with others in the tobacco industry.  If discovery proceeds at this
20 time, Sirope and Mansour will be placed in the difficult position of
21 either invoking their Fifth Amendment rights against self-
22 incrimination and losing the ability to pursue their claim to the
23 defendant real property, or waiving their Fifth Amendment right and
24 submitting to a deposition and potentially incriminating themselves.
25 If either person invokes his Fifth Amendment right, the plaintiff
26 will be deprived of the ability to explore the factual basis for the
27 claims they filed with this court.
28     4.   In addition, claimants intend to depose the law

1  enforcement agents involved in this investigation.  Allowing
2  depositions of the law enforcement officers at this time would
3  adversely affect the ability of federal authorities to investigate
4  the underlying criminal conduct.
5       5.  The parties recognize that proceeding with this action at
6  this time has potential adverse affects on the investigation of the
7  underlying criminal conduct and/or upon claimant's ability to prove
8  his claim to the property and assert any defenses to forfeiture.
9  For these reasons, the parties jointly request that this matter be
10 stayed for six months.  At that time the parties will advise the
11 court of the status of the criminal investigation, if any, and will
12 advise the court whether a further stay is necessary.
13 Dated: July 29, 2010            BENJAMIN B. WAGNER
                                   United States Attorney
14
15                           By   /s/ Kristin S. Door
                                   KRISTIN S. DOOR
16                                 Assistant U.S. Attorney
                                   Attorneys for Plaintiff
17                                 United States of America
18
19 Dated: July 29, 2010            GERAGOS & GERAGOS
20
                             By   /s/ Mark J. Geragos
21                                 MARK J. GERAGOS
                                   (As authorized on 7/29/10)
22                                 Attorneys for claimants
                                   Adib Sirope and Rimoun Mansour
23
24 //
25 //
26
27
28

3

Dated: July 29, 2010            HURON LAW GROUP

                         By    /s/ Jeffrey Huron
                               JEFFREY HURON
                               (As authorized on 7/29/10)
                               Attorneys for claimant
                               Universal Bank

**ORDER**

    For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for an additional six months. On or before March 1, 2011, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: July 29, 2010

                              /s/ John A. Mendez
_____
                              JOHN A. MENDEZ
                              UNITED STATES DISTRICT JUDGE

4